# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY S. BEDOW,<br>    Plaintiff,<br><br>vs.<br><br>WARREN COUNTY PRISON, et al.,<br>    Defendants. | C.A. No. 12-70 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that this case be dismissed, without prejudice, due to Plaintiff's failure to serve Defendants in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

**II.    REPORT**

    **A.    Relevant Procedural History**

Plaintiff Gary Bedow, by and through his legal counsel, James J. Stuczynski, Esquire, filed this civil rights action on March 5, 2012. Named as Defendants are Warren County Prison, Gerald L. Britton, and an unnamed individual identified as "John Doe." On March 6, 2012, a summons was issued as to all three Defendants. [ECF No. 2]. No further activity is indicated on the docket, evidencing that Defendants were not served with process in this case. Last month, this Court placed a courtesy call to Attorney Stuczynski advising him that service was delinquent and that this case would be dismissed if service was not effectuated within a reasonable time. To date, Defendants still have not been served.

**B.     Discussion**

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this case. For the last several months, Plaintiff has taken none of the necessary steps to prosecute this case against Defendants. In particular, Plaintiff has failed to serve any of the Defendants within 120 days after the complaint was filed in contravention of Rule 4(m) of the Federal Rules of Civil Procedure. Alternative sanctions, such as monetary penalties, are deemed inappropriate.

**III    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir.

2011).

                    /s/ Susan Paradise Baxter
                    SUSAN PARADISE BAXTER
                    United States Magistrate Judge

Dated: November 19, 2012

cc:    The Honorable Sean J. McLaughlin
       United States District Judge